**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**ISAIAH LEWIS (03)**,<br><br>    Defendant. | **Case No. 18-20025-03-DDC** |

**MEMORANDUM AND ORDER**

This matter comes before the court on counsel Dionne Scherff's Motion to Determine Conflict of Interest Post Plea and Sentencing (Doc. 241). Ms. Scherff was appointed to represent defendant Isaiah Lewis in this case. The government has responded and does not oppose counsel's motion (Doc. 259). For reasons explained below, the court dismisses the motion.

I.   **Background**

In April 2018, a grand jury returned an 18-count Indictment, charging Isaiah Lewis and others with various drug-related crimes. Doc. 1. Soon after, the court appointed Dionne Scherff to represent Mr. Lewis. Doc. 14. Mr. Lewis entered a plea agreement under Fed. R. Crim P. 11(c)(1)(C) with the government in August 2019. Doc. 174. He pleaded guilty to Count 1 of the Indictment. Doc. 173. In November 2019, the court sentenced Mr. Lewis to 92 months' incarceration, followed by four years of supervised release. Doc. 198 at 2–3 (Judgment).

In February 2020, the government disclosed a potential witness for the trial of one of Mr. Lewis's co-defendants: "Confidential Human Source 1." Doc. 259 at 1 (citing Doc. 215). The government learned Confidential Human Source 1's identity in February 2020, and disclosed Confidential Human Source 1's identity to Ms. Scherff shortly thereafter. *Id.* at 2. Confidential

Human Source 1 testified at a co-defendant's trial. During the trial, an FBI agent revealed that Confidential Human Source 1 "advised he was represented by Dionne Scherff." *Id.* Ms. Scherff and the government believe she "does not possess an actual conflict of interest as a result of her representation of both [Mr.] Lewis and [Confidential Human Source 1]." *Id.*

Ms. Scherff acknowledges there is "an apparent conflict of interest which [she] is obligated to bring to the attention of Mr. Lewis and the Court." Doc. 241 at 2. She reports she "has consulted with the Kansas Office of Disciplinary Administration" about this potential conflict and she has concluded "that the legal representation of Mr. Lewis was appropriate and not in violation of the Kansas Rules of Professional Conduct." *Id.* at 2–3. But, Ms. Scherff believes she has "an affirmative duty to notify this Court and Mr. Lewis of the potential conflict so that a meaningful examination of the present facts can be developed. *Id.* at 3. Ms. Scherff asks the court to evaluate this information "and take any action deemed appropriate." *Id.*

**II.     Discussion**

The court respectfully declines to opine about any potential conflict of interest. The court commends counsel's action to disclose and make a thorough record about her ethical concerns. But the court is not convinced it has jurisdiction to issue a ruling about counsel's representation and possible conflict of interest at this stage of the case. Usually, a motion to determine conflict of interest allows the court to decide potential conflict issues before imposing a sentence. *See, e.g.*, *United States v. Feng*, No. 05-40095-01-JAR, 2006 WL 3747554, at *1–5 (D. Kan. Dec. 12, 2006) (disqualifying defendant's counsel because government was likely to call him as a witness at defendant's trial); *United States v. Wittig*, Nos. 03-40142-01-JAR, 03-40142-02-JAR, 2005 WL 7139151, at *1–6 (D. Kan. May 6, 2005) (granting government's Motion to Determine Conflict of Interest and disqualifying defendant's counsel before retrying defendant). Here,

however, Mr. Lewis pleaded guilty and was sentenced long ago. And the court has no indication Mr. Lewis has joined this motion. Indeed, the motion raises more questions than answers.

Counsel asks the court "to evaluate the information" in her motion "and take any action deemed appropriate," but it neglects to cite authority identifying what action the court can take. Doc. 241 at 3. Regrettably, the court views the motion's request as one seeking an advisory opinion. "[F]ederal courts . . . do not render advisory opinions. For adjudication of constitutional issues concrete legal issues, presented in actual cases, not abstractions are requisite." *Golden v. Zwickler*, 394 U.S. 103, 959 (1969) (citation and internal quotation marks omitted). The court "has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citation and internal quotation marks omitted). Here, ruling this motion would not affect Mr. Lewis's rights. And even if it would, the court believes it can't act without a motion from Mr. Lewis. For now, the court dismisses this motion because it lacks jurisdiction to adjudicate it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Scherff's Motion to Determine Conflict of Interest Post Plea and Sentencing (Doc. 241) is dismissed.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2020, at Kansas City, Kansas.

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**